IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ADELE STUKAS,** *et al.***,**

      **Plaintiffs,**

v.                                            **CIVIL ACTION NO. 2:13-cv-19841**

**JOHNSON & JOHNSON,** *et al.,*

      **Defendants.**

**ORDER**

Pending is a Motion to Reinstate, filed by the *pro se* plaintiffs in this case on November 16, 2018. [ECF No. 28]. In their Motion, plaintiffs state that they would like for their case to be reinstated against Boston Scientific Corporation ("BSC") "due to the fact that any and all correspondence from the court has been mailed to an address I do not live at." *Id.* Plaintiffs go on to state that in court records their address is noted as 1317 W. Columbia Ave., Apt. 2E, Chicago, Illinois 60626, when in reality, they reside at 1327 W. Columbia Ave., Unit D, Chicago, Illinois 60626.[1] Plaintiffs ask that their case be reinstated against BSC "to be able to have a chance to discuss a possible settlement." *Id.*

By way of background, plaintiffs originally filed this action, by counsel[2], against a number of defendants including BSC, American Medical Systems, Inc., Johnson & Johnson, Ethicon, Inc., Ethicon, LLC, C.R. Bard, Inc., Sofradim Production SAS and Tissue Science Laboratories Limited. [ECF No. 1]. Notably, in their Short Form Complaint, plaintiffs identified only one surgery date and did not indicate to which product or defendant manufacturer the purported surgery related. The following defendants have since been dismissed: BSC, American Medical Systems, Inc., and C.R. Bard, Inc. [ECF Nos. 17, 34, 36]. The only remaining defendants are the following

---

[1] The court notes that when plaintiffs filed the instant motion, their address was corrected on the court's docket.
[2] The court granted plaintiffs' counsel, Robert Fenstersheib, leave to withdraw. [ECF No. 10].

*unserved* defendants: Johnson & Johnson, Ethion, Inc., Ethicon, LLC, Sofradim Production SAS and Tissue Science Laboratories Limited.

Turning to plaintiffs' request that their case against BSC be "reinstated," the court first recognizes that *pro se* filings should be construed liberally. *See Hines v. Kerner*, 404 U.S. 519, 520 (1972). As such, the court construes plaintiffs' Motion to Reinstate as a motion for relief from a judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60 permits the court to relieve a party from a final judgment, order, or proceeding for a number of reasons identified in the Rule. *Fed. R. Civ. P.* 60(b)(1)-(6).

In this case, plaintiffs seek relief from the court's July 5, 2016, Memorandum Opinion and Order granting BSC's motion to dismiss for plaintiffs' failure to timely serve a Plaintiff Profile Form ("PPF") [ECF No. 17]. The court notes that the order warning plaintiffs that BSC would be dismissed for plaintiffs' failure to file a PPF [ECF No. 13] was received by plaintiffs at the address they claim was incorrect [ECF No. 15], while the final Memorandum Opinion and Order dismissing BSC for plaintiffs' failure to serve a PPF was sent by certified mail to the same address but was returned as undeliverable. [ECF No. 19]. There is no evidence on the record that plaintiffs ever filed a PPF.

Pursuant to Rule 60(c), a motion under this Rule, "must be made within a reasonable time – and for reasons (1) , (2), and (3) no more than a year after the entry of the judgment or order …." *Fed. R. Civ. P.* 60(c)(1). Plaintiffs' current Motion, filed on November 16, 2018, is well beyond the one-year time frame permitted under Rule 60(b)(1)-(3). Furthermore, Rule 60(b)(4) and (5) do not apply because the judgment is neither void nor has a judgment been satisfied.

The only remaining section, Rule 60(b)(6), allows for relief from a judgment for "any other reason that justifies relief." The court finds that plaintiffs have shown a reason that justifies relief because the record does not reflect plaintiffs' correct address. Plaintiffs complain that "any and all correspondence from the court has been mailed" to 1317 West Columbia Avenue, Apartment 2E, rather than 1327 West Columbia Avenue, Unit D. The incorrect address was placed on the record as the result of an error by plaintiffs' counsel when he attempted to withdraw. [ECF No. 3]. While the record

indicates that plaintiffs received subsequent filings including the initial order warning plaintiffs that their case would be dismissed if they did not file a PPF [ECF Nos. 6, 8, 15], the order that actually dismissed BSC was returned as undeliverable [ECF Nos. 17, 19].

Accordingly, the court **ORDERS** that

(1) plaintiffs' Motion to Reinstate [ECF No. 28], construed as a motion for relief from judgment or order pursuant to Rule 60(b)(6) is **GRANTED;**

(2) the court's order dismissing BSC at ECF Number 17 is **VACATED;**

(3) BSC is reinstated as a defendant on the docket;

(4) **On or before December 21, 2020, plaintiffs are instructed to file a PPF on the docket by mailing it to the following address with their case number clearly indicated:**

**U.S. District Court**
**Southern District of West Virginia**
**P.O. Box 2546**
**Charleston, WV 25301**

(5) **On or before December 21, 2020, plaintiffs are further instructed to show cause to the court in writing as to why their case against the unserved defendants, Johnson & Johnson, Ethion, Inc., Ethicon, LLC, Sofradim Production SAS and Tissue Science Laboratories Limited, should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and**

(6) **If plaintiffs fail to comply with the directives above, their case will be dismissed.**

The court **DIRECTS** the Clerk to file a copy of this order and to send a copy of the order to counsel of record and plaintiffs at the address noted above.

ENTER: November 25, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE